SAVOY, Judge.
The instant case is on appeal by plaintiff from a refusal by the trial judge to award him attorneys’ fees and penalties.
The trial court awarded plaintiff compensation for permanent and total disability at the maximum rate allowed under the workmen’s compensation law of this State. Defendants did not appeal from said judgment.
In denying plaintiff’s claim for penalties and attorneys’ fees, the trial judge made the following observations, to-wit:
“The court does not believe, however, that the plaintiff is entitled to recover penalties and attorneys’ fees under the evidence presented in this case.
“He has not established to the satisfaction of the court that he reported an accidental injury to his employer until sometime after the accident occurred. While I think that the employer’s and its insurer’s interpretation of the available evidence was incorrect, nevertheless I do not believe their position that the plaintiff’s disability was not caused by an accidental injury sustained on the job can be said to be an arbitrary one.
“Frankly, as I view this case, I do not think the plaintiff himself realized that his condition was caused by this incident which occurred in the vegetable room until sometime after he was in the hospital. When the doctor finally diagnosed his trouble as having been caused by trauma or twisting or torsion, rather than a disease, he began to think back as to what had happened to him. Then he recalled lifting the potato sack and the strain, which he considered minor at the time, and decided, as he now believes, and as the court concludes, that that was the cause of the ruptured disc from which he is presently suffering. But until he was actually in the hospital, I do not think that the plaintiff himself realized, or really believed, that was the cause of his trouble, and that is the reason he did not report the incident to his employer as an accident at the time. In view of the delayed report and the information obtained in the subsequent investigation, the insurer’s denial of liability was certainly not unreasonable or arbitrary.”
Counsel for plaintiff contend that plaintiff should be awarded penalties and attorneys’ fees since defendants were arbitrary in not paying compensation to plaintiff ; that defendants resisted payment of compensation on the grounds that plaintiff did not immediately report his accident, and they were justified in assuming that he had no such accident; that the suit was defended solely on the grounds that plaintiff did not suffer an accident while in the course and scope of his employment.
Counsel for defendants, Firestone Tire and Rubber Company, and its insurer, Liberty Mutual Insurance Company, takes the position that Liberty Mutual was not arbitrary in refusing to pay compensation payments to plaintiff for the reason that it did not receive a report from plaintiff concerning the accident until May 10, 1963, whereas the alleged accident occurred March 29,. 1963. In the report from Firestone to Liberty Mutual, there was doubt in the minds-of the Firestone officials that plaintiff had been injured while in the course of his employment for the reason that he did not immediately report the accident to Firestone or its agents. Firestone first learned of the alleged injury on April 16, 1963.
*606 Defendants state in their brief that as soon as Liberty Mutual received the report on May 10, 1963, it had one of its adjusters investigate the matter, and before he could complete his investigation, suit was filed by plaintiff on June 11, 1963. Defendants state further that Liberty Mutual did not receive the report of plaintiff’s physician, Dr. Gerald Edelstien, dated June 7, 1963, until June 12, 1963.
Counsel for all parties have cited cases which they consider favorable to their respective clients.
An examination of the record reveals that plaintiff was employed at Firestone as a janitor in the company cafeteria, and on March 29, 1963, he commenced feeling badly and believed he might be contracting influenza. When he arrived home on that date, he commenced suffering pain in his back and leg. He stayed in bed over the weekend, and on Monday, April 1, 1963, he contacted his personal physician, Dr. Gerald Edelstien. After an examination, the doctor was of the opinion that plaintiff had a ruptured disc. He recommended that plaintiff be hospitalized and also referred plaintiff to Dr. Edward W. Phillips, an orthopedic surgeon practicing his profession in the City of Lake Charles. After taking X-rays of plaintiff and making other tests, Dr. Phillips confirmed the diagnosis previously made by Dr. Edelstien.
In his report of June 7, 1963, Dr. Edel-stien stated that when plaintiff was examined by him on April 1, 1963, he did not mention having been injured on March 29, 1963, but believed he had the “flu”. It was not until plaintiff had been in the hospital for several days that plaintiff stated to Dr. Edelstien that on March 29, 1963, he had lifted a sack of potatoes while in the course of his employment and began experiencing pain about one hour after the incident.
After reviewing the record, this Court is of the opinion that under all of the circumstances of the instant case, and particularly vn view of the fact that plaintiff was uncertain as to the occurrence of an injury received while in the course of his employment, the trial judge did not abuse his discretion in not allowing plaintiff penalties and attorneys’ fees in the instant case.
For the reasons assigned, the judgment of the trial court is affirmed in all respects; plaintiff to pay the costs of this appeal.
Affirmed.